IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| DISABILITY RIGHTS TEXAS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO.  6:16-cv-00032 |
| VICTORIA COUNTY, TEXAS; § | |
| § | |
| T. MICHAEL O'CONNOR, § | |
| in his official capacity as the § | |
| Sheriff of Victoria County, Texas; § | |
| § | |
| Defendants. § | |

**PLAINTIFF'S VERIFIED ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Disability Rights Texas complains of Victoria County, Texas and T. Michael O'Connor, in his official capacity as Sherriff of Victoria County, Texas.

### I.   PRELIMINARY STATEMENT

1. Disability Rights Texas ("DRTx"), as Texas' designated Protection and Advocacy System, has the authority to have unrestricted access to all general areas of the Victoria County Jail ("Jail"), as well as the Jail's special mental health or forensic units, for the purposes of providing information, training, and monitoring compliance with respect to the rights and safety of Jail detainees, and to investigate incidents of abuse or neglect of Jail detainees.

2. DRTx has made repeated requests to Defendants to access the Jail in accordance with its federal mandates; however, Defendants continue to deny DRTx full, complete, meaningful, and timely access to the Victoria County Jail, the staff of the Victoria County Jail, and the detainees who are incarcerated at the Victoria County Jail in violation of the Protection and

Advocacy for Mentally Ill Individuals Act, 42 U.S.C. § 10801, *et seq.*; the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C. § 15001, *et seq.*; and the Protection and Advocacy for Individual Rights Act, 29 U.S.C. § 794e(a) (These three laws are hereinafter collectively referred to as the "P&A Acts.").

3. DRTx seeks declaratory, and preliminary and permanent injunctive relief to prevent the Defendants from continuing to thwart DRTx's statutory obligation to protect and advocate on behalf of individuals with disabilities, and to investigate incidents of abuse or neglect pursuant to Fed. R. Civ. P. 57 & 65, 28 U.S.C. § 2201, 42 U.S.C. § 10805(a)(1)(B), and 42 U.S.C. § 1983.

## II. JURISDICTION

4. This action is authorized by 42 U.S.C. § 1983 to redress the deprivation under color of law of rights guaranteed by the P&A Acts, 42 U.S.C. § 10801, *et seq.*, 42 U.S.C. §§ 15001, *et seq.*, 29 U.S.C. § 794c(a), and 28 U.S.C. §§ 2201-02. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331.

5. This Court has authority to grant Plaintiff's claims for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201-02, and Fed. R. Civ. P. 57 & 65.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) & (c) because Defendants reside in this district, and because the events or omissions complained of herein occurred in this district.

## III. PARTIES

7. Plaintiff DISABILITY RIGHTS TEXAS is a nonprofit Texas corporation authorized by Congressional mandate to protect and advocate for the civil rights of persons with disabilities. DRTx was and is designated by the State of Texas to perform this Congressional mandate pursuant to the DD Act, 42 U.S.C. §§ 15001-03, and the PAIMI Act, 42 U.S.C. §§ 10802-

03. DRTx spends considerable time and resources monitoring conditions at detention facilities, including facilities like those at Victoria County Jail, and advocating for the rights of people residing in those facilities.

8. Defendant Victoria County, Texas, is a county of the State of Texas. Victoria County funds and operates the Victoria County Jail. Defendant Victoria County is responsible for the implementation of the policies, procedures, practices, and customs, as well as the acts and omissions, challenged by this suit. Defendant Victoria County is also responsible for ensuring that all of its facilities, including Victoria County Jail, are in compliance with federal and state laws. Victoria County, Texas, may be served by serving its County Judge, Ben Zeller, 101 N. Bridge Street, Room #102, Victoria, Texas 77901.

9. Defendant T. Michael O'Connor at all relevant times was and is the Sheriff of Victoria County, Texas, and was the Sheriff at the time of the events made the subject of this cause of action. Defendant T. Michael O'Connor was and is the duly-elected Sheriff of Victoria County and the chief administrator of the Victoria County Sheriff's Department and of the Victoria County Sheriff's Deputies, Jailers, Jail employees, and contractors, and he is responsible for their training, supervision, and conduct. By law, Defendant O'Connor is responsible for ensuring that Victoria County Jail is in compliance with federal and state laws. By law, Defendant O'Connor was responsible for the implementation of the policies, procedures, practices, and customs, as well as the acts and omissions, challenged by this suit. At all relevant times, Defendant O'Connor was acting under color of law and as the agent, servant, and, as a matter of law, the official representative of Defendant Victoria County and as the County's chief law enforcement officer. He may be served in his official capacity at the Victoria County Sheriff's Office, 101 N. Glass Street, Victoria, Texas 77901.

10. Wherever Plaintiff uses the word "Defendants" in this petition it means Defendants, their agents, employees, successors, and all persons acting in concert with them at their direction.

## IV.  FACTS

11. Because many persons with disabilities living in private and public institutions suffer from abuse and neglect, and are often unlikely to report abuses committed by the people who have daily control over their lives, Congress mandated that each state have a "Protection and Advocacy System" designed to have independent access to such institutions in order to detect and prevent such abuse and neglect.  Because the State of Texas receives federal funds under the P&A Acts, it is required to designate systems that are designed to protect and advocate the rights of individuals with disabilities, and to investigate incidents of abuse and neglect of individuals with disabilities.  *See e.g.*, 42 U.S.C. § 10801, *et seq.*; 42 U.S.C. § 15001, *et seq.*  The State of Texas has designated DRTx as its Protection and Advocacy System.

12. Under the PAIMI Act, 42 C.F.R § 51.2, Plaintiff DRTx has access not only to a jail's special mental health or forensic units, but also to all general areas of a jail.  The P&A Acts require jails to allow DRTx to: (1) have unaccompanied access to facilities to monitor compliance with respect to the rights and safety of jail detainees; (2) provide information and training to jail detainees; (3) investigate allegations of abuse and neglect of jail detainees; and (4) pursue legal, administrative, and other appropriate remedies to ensure enforcement of the jail detainees' constitutional and statutory rights.  *See* 45 C.F.R. § 1386.22(f)-(h); 42 C.F.R. § 51.42(b)-(c). Despite Plaintiff DRTx's statutory right to access the Victoria County Jail, Defendants are attempting to prevent DRTx from accessing the Jail, its detainees, and its staff.  Without such access DRTx is not able to perform its Congressionally-mandated protection and advocacy role.

13. Since October 2015, DRTx has received multiple complaints from concerned family members regarding the failure of Victoria County Jail to provide necessary treatment to detainees with disabilities in the Jail. More specific examples of the complaints that DRTx has received include:

- A detainee who, instead of receiving necessary mental health treatment, was stripped by Jail staff and restrained to a chair for more than eighteen hours. While restrained, the Detainee did not receive psychiatric medications or mental health treatment, was not offered water or a bathroom, and did not have his restraints checked as regularly as required;

- A detainee who requires mental health treatment and psychiatric medication was not provided either by the Jail; and

- At least two detainees have committed suicide while at the Jail since 2011.

14. On December 14, 2015, Elva Cardenas, an employee of DRTx, requested records from the Victoria County Sheriff's Office regarding the detainee who had been placed in the restraint chair for significant periods of time. Ms. Cardenas received some records on December 30, 2015, and then additional records on March 10, 2016. The records showed that upon admission the detainee was screened for suicide and medical and mental impairments. The screening form indicated that the detainee had received mental health services in the past and that the detainee was suicidal at the time of incarceration.

15. The records also indicate that, instead of receiving any mental health treatment, the Detainee was put in a restraint chair twice as a result of the Detainee reporting he was having suicidal thoughts. Additionally, the records indicate that the Jail restrained the Detainee in violation of a number of regulations. Specifically, on August 4, 2015, the Detainee was in the restraint chair after reporting he was suicidal for five hours and forty-eight minutes. Then, on August 5, 2015, the records indicate that the Detainee was put in the restraint chair for nine hours and thirty minutes. The logs do not indicate that the restraints were checked or that the Detainee

was offered a bathroom or water on either occasion. The records support the Detainee's allegation that he was forced to urinate and defecate on himself while restrained. Additionally, while regulations require that the Detainee be removed from the restraint chair after two hours unless approval is given by the captain, his designee or deputy chief, the records indicate that the Detainee was held for far beyond that timeframe without approval.

16.     On February 17, 2016, Ms. Cardenas called the Jail requesting access to the Jail on March 3, 2016, to investigate the complaints of abuse and neglect that she had received from a detainee, and to speak with other detainees who might have a complaint but not contacted DRTx. On March 2, 2016, the Victoria County Sheriff's Administrative Assistant, Natasha Thompson, contacted Ms. Cardenas stating that Ms. Cardenas was not going to be allowed access to the Jail on March 3, 2016. Ms. Cardenas inquired about scheduling a visit to the Jail on another day but was told that the Sheriff was very busy and that the Sheriff's Office would have to get back with her. The Sheriff's Office did not provide an alternate date for Ms. Cardenas to access the Jail.

17.     On March 15, 2016, counsel for DRTx attempted to contact Brendan Guy, Victoria County Assistant District Attorney, about Ms. Cardenas' need to access the Victoria County Jail to monitor compliance with respect to rights and safety of jail detainees. In the correspondence, DRTx provided a summary explaining its purpose and detailing its access authority under federal law. Mr. Guy did not respond regarding setting up access to the Jail, so counsel for DRTx contacted Mr. Guy regarding access again on March 24, 2016.

18.     In his response on March 24, 2016, Mr. Guy raised additional questions regarding DRTx's position on its authority to access the Jail. The same day, counsel for DRTx provided additional information in the form of a complaint filed by DRTx against another jail and the resulting Memorandum of Understanding regarding DRTx's ability to access the Jail. Counsel for

DRTx also indicated that Ms. Cardenas intended to access the Jail on April 27, 2016, but Mr. Guy did not respond.

19. On April 27, 2016, Ms. Cardenas attempted to access the Victoria County Jail as planned. On that day, Ms. Cardenas met with Deputy Chief Roy Boyd who indicated that DRTx would not be granted access to the Jail or allowed to speak with any inmates.

20. Under the above-described circumstances, the Defendants have acted individually and collectively in their official capacities to create and maintain a system that impedes the Congressionally-mandated functions and duties of DRTx at the Jail. While Plaintiff DRTx has no obligation to exhaust administrative or other remedies in this case, it has spent considerable time trying to persuade Defendants to allow DRTx the full, complete, meaningful, and timely access to the Jail that it is afforded by federal law. Unfortunately, Defendants have continued to deny DRTx said access.

## V. CAUSE OF ACTION – VIOLATION OF THE P&A ACTS

21. DRTx restates and incorporates by reference each of the allegations contained in Paragraphs 1 through 20, above

22. DRTx, as Texas' designated Protection and Advocacy System, has the authority to access all general areas of the Jail, as well as the Jail's special mental health or forensic units. 42 U.S.C. § 10805(a)(3), § 15043(a)(2)(H); 42 C.F.R. § 51.42.

23. DRTx's federal mandate specifically grants DRTx unrestricted access to the Jail during all hours and shifts for the purpose of providing information, training, and monitoring compliance with respect to the rights and safety of residents, and to investigate any incidents of abuse or neglect of Jail detainees. 42 U.S.C. §§ 10805 & 15043; 42 C.F.R. § 51.42(b)-(c); 45 C.F.R. § 1386.22(f)-(h).

24. Defendants' failure to permit DRTx full, complete, meaningful, and timely access to the Victoria County Jail, the staff of Victoria County Jail, and the detainees who are incarcerated at the Victoria County Jail violates the Protection and Advocacy for Mentally Ill Individuals Act, 42 U.S.C. § 10801, *et seq.*; the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C. § § 15001, *et seq.*; and the Protection and Advocacy for Individual Rights Act, 29 U.S.C. § 794e(a).

25. DRTx has no adequate remedy at law and will be irreparably harmed if Defendants are permitted to continue to deny it access to Victoria County Jail, the staff of the Victoria County Jail, and the detainees who are incarcerated at the Victoria County Jail.

## VI. INJUNCTIVE RELIEF

26. DRTx restates and incorporates by reference each of the allegations contained in Paragraphs 1 through 25, above.

27. The policies, procedures, regulations, practices, and customs of Defendants, acting under color of law, violated and continue to violate the rights of DRTx under the P&A Acts to full, complete, meaningful, and timely access to Victoria County Jail and its detainees. These policies, procedures, regulations and practices will continue to violate DRTx's right to access of the Jail in the future unless Defendants are preliminary and permanently enjoined.

28. Plaintiff DRTx requests that, after notice and hearing, the Court enter a preliminary injunction, and after trial on the issues, enter a permanent injunction enjoining Defendants from continuing to deny full, complete, meaningful, and timely access by Plaintiff DRTx to the Victoria County Jail, the staff of the Victoria County Jail, and the detainees who are incarcerated at the Victoria County Jail.

## VII.  DECLARATORY RELIEF

29. Plaintiff DRTx restates and incorporate by reference herein each of the allegations contained in Paragraphs 1 through 28, above.

30. Plaintiff DRTx requests that, after notice and hearing, this Court enter a declaratory judgment that Defendants' policies, regulations, and practices of continuing to deny DRTx full, complete, meaningful, and timely access to the Victoria County Jail, the staff of the Victoria County Jail, and the detainees who are incarcerated at Victoria County Jail, violated and continues to violate the P&A Acts.

## PRAYER

WHEREFORE, Plaintiff Disability Rights Texas respectfully prays that this Court:

(a) Grant preliminary and permanent injunctive relief that enjoins Defendants, their agents or employees, from denying DRTX immediate, full, complete, meaningful, and unaccompanied access by DRTx to the Victoria County Jail, the staff of the Victoria County Jail, and the detainees who are incarcerated at the Victoria County Jail, to monitor the Victoria County Jail and conduct abuse and neglect investigations of the Victoria County Jail and its detainees at any reasonable time, including during business and visiting hours;

(b) Issue a declaratory judgment that Defendants' policies, regulations, and practices of denying DRTx immediate, full, complete, meaningful and unaccompanied access by DRTx to the Victoria County Jail, the staff of the Victoria County Jail, and the detainees who are incarcerated at the Victoria County Jail, to monitor the Victoria County Jail and conduct abuse and neglect investigations of the Victoria County Jail and its detainees without at any

reasonable time, including during business and visiting hours, violate the Protection and Advocacy for Mentally Ill Individuals Act, 42 U.S.C. § 10801, *et seq.;* the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C. §§ 15001, *et seq.*; and the Protection and Advocacy for Individual Rights Act, 29 U.S.C. § 794e(a);

(c) Award Plaintiff DRTx its reasonable and necessary attorneys' fees and costs pursuant to 28 U.S.C. § 2202 and 42 U.S.C. § 1988; and

(d) Award such other and further relief, at law of equity, to which Plaintiff DRTx is justly entitled.

Respectfully submitted,

/s/ Ashley Barr
Ashley Barr
Attorney-in-Charge
State Bar No. 24078198
Federal ID No. 2876722
abarr@drtx.org
BETH MITCHELL
State Bar No. 00784613
Federal ID No. 29054
bmitchell@drtx.org

DISABILITY RIGHTS TEXAS
2222 W. Braker Lane
Austin, Texas 78758
(512) 454-4816 (Phone)
(512) 454-3999 (Fax)

ATTORNEYS FOR PLAINTIFF

## VERIFICATION

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF BEXAR | § |

BEFORE ME, the undersigned authority, on this day personally appeared Ashley Barr, who, known to me, after being by me duly sworn, an oath stated:

"I am a staff attorney for Disability Rights Texas, the Plaintiff in this action. I have read the foregoing Verified Complaint, and am familiar with the contents which are true and correct to the best of my information and belief."

_____
Ashley B——

SUBSCRIBED AND SWORN TO BEFORE ME on the 23rd day of May 2016, to certify which witness my hand and official seal.

_____
Notary Public in and for the State of Texas



WINCY IVELISSE RIVERA
My Commission Expires
July 3, 2016